## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF MASSACHUSETTS
## CIVIL DIVISION

| | |
|---|---|
| **ADE OYEGBOLA,**<br>                 **Plaintiff,**<br><br>     **v.**<br><br>**UNITED STATES SMALL**<br>**BUSINESS ADMINISTRATION,**<br><br>**ISABELLA CASILLAS GUZMAN,** *in her*<br>*official capacity as Administrator*, U.S.<br>Small Business Administration,<br><br>**UNITED STATES DEPARTMENT**<br>**OF THE TREASURY,**<br><br>**JANET L. YELLEN,** *in his official*<br>*capacity as Secretary*, U.S.<br>Department of the Treasury,<br><br>             **Defendants.** | **Civil Action No.**_____<br><br><br><br><br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**PRELIMINARY INJUNCTIVE**<br>**RELIEF** |

NOW COME Plaintiff, *pro se* in the above caption, and for his complaint, hereby state the following:

## I.  PARTIES

1. **Plaintiff** Ade Oyegbola, a resident of Massachusetts, is a sole proprietor providing consulting services to companies in need of experts in the field of process engineering in relation to Electronic Document Management System. Further, Plaintiff is a software developer that also offers support services to users of his software applications. He resides at 46 Birchwood Road, Apt. 428 Randolph, Norfolk County, Massachusetts, 02368.

2. **Defendant** United States Small Business Administration is an independent federal agency created and authorized pursuant to 15 U.S.C. §633, et seq. The SBA maintains a branch

location at 10 Causeway St #265, Boston, MA 02222. Its headquarters are located at 409 3rd Street, SW, Washington, District of Columbia, 20416.

3.     **Defendant** Isabella Casillas Guzman (the "Administrator") is the Administrator of the SBA, a Cabinet-level position, and is sued in her official capacity. The SBA is headquartered at 409 3rd Street, SW, Washington, District of Columbia, 20416. The authority to sue the Administrator is granted by 15 U.S.C. §634(b).

4.     **Defendant** United States Department of the Treasury ("Treasury") is a department of the executive branch of the United States government headquartered at 1500 Pennsylvania Avenue, NW, Washington, District of Columbia, 20220.

5.     **Defendant** Janet Yellen (the "Secretary") is the Secretary of the United States Department of the Treasury and is sued in his official capacity. The Treasury is headquartered at 1500 Pennsylvania Avenue, NW, Washington, District of Columbia, 20220.

## II.     JURISDICTION AND VENUE

6.     Jurisdiction is proper in this Court under 28 U.S.C. §1331. The Court has remedial authority pursuant to 28 U.S.C. §1361, 28 U.S.C. § 2201, and 5 U.S.C. §702.

7.     Venue is proper pursuant to 28 U.S.C. §1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.     FACTUAL ALLEGATIONS

### i.     Introduction

8.     In the first quarter of 2020, as the threat of the novel coronavirus mushroomed into the country's gravest public health crisis in a century, businesses were forced to shutter and the United States economy suffered its most severe contraction in more than a decade. Small-business owners, in particular, faced a dire struggle for survival.

9.     Amid the fallout, Congress stepped in to keep the economy on life support. The CARES Act was enacted on March 27, 2020. The American Rescue Plan Act of 2021 was signed into law on March 11, 2021, to speed up the country's recovery from the economic and health effects of the COVID-19 pandemic and the ongoing recession. The package builds upon many of the measures in the CARES Act and then in the Consolidated Appropriations Act, 2021, from December. (Collectively "Covid Relief Acts")

10.    Congress established provisions in the Covid Relief Acts to help all eligible businesses and other entities, including sole proprietorships and nonprofits, continue to stay afloat while the nation recovers from the Covid-19 economic shock.

11.    The Covid Relief Acts expressly provides that "any" business that satisfies the specified eligibility criteria relating to size, has been in business before 2020, and has suffered economic impact due to Covid-19 "shall" be eligible for relief under the provisions of the Covid Relief Acts.

12.    The Small Business Administration ("SBA"), is the agency responsible for administering the aid programs enumerated in Covid Relief Acts. And as such have published Rules and Regulations to administer the aid programs in the Covid Relief Acts.

13.    Plaintiff is a sole proprietor, who engages in the business of developing solutions as a process reengineering consultant to companies that provide Electronic Document Management Systems, both in the United States and in Africa. Also, Plaintiff engages in software development and support in the field of automating government accounting systems under the International Public Sector Accounting Standards.

14.    Plaintiff's clients are all over the world and the nature of his engagement requires him to travel, meet with clients, and often attend proposal presentations with his client. Plaintiff's

business came to a grinding halt when governments around the world closed their borders and shut down economic activities due to the Covid pandemic.

15. Plaintiff applied to the SBA for relief, including (1) The COVID EIDL Loan Program, (2) Paycheck Protection Program, (3) Targeted EIDL Advance grant, and (4) Supplemental Targeted Advance grant.

16. The SBA first declined the Plaintiff's COVID EIDL loan application stating that:

> **"Not Eligible:** The SBA has been unable to verify the existence of an eligible business as reflected in the application."

17. Plaintiff requested reconsideration and revaluation of the decisions, after which the SBA agree and resumed the processing of Plaintiff's applications.

18. The SBA, after further processing of the Plaintiff's application, again decline the Plaintiff's application stating that:

> **"Not Eligible:** The SBA has been unable to verify the existence of an eligible business as reflected in the application... **Applicant will need to submit IRS stamped 2019 Federal Tax Return or 2019 IRS Record of Account** prior to requesting further reconsideration. No record of tax return has been found. This was verbally discussed with the applicant prior to the decline."
> (Exhibits P.32)

19. Plaintiff submitted several business records to the SBA, including Tax Transcripts for 2017, 2018 & 2020, and a copy of the record showing the 2019 Tax return was faxed to the IRS after obtaining information from the IRS that his originally mailed 2019 tax return was still not in their records, and 2019 business invoices and bank statement confirming payment of those invoices. Plaintiff later forwarded a copy of his IRS 2019 Record of Account issued by the IRS on March 8, 2022, to the SBA.

20. The SBA, on April 19, 2022, again decline Plaintiff's application stating that:

> "A final review of the most recent IRS Tax Transcript request showed the 2019 Tax Return was filed in 2021. Recently filed tax returns for 2019

business income are not acceptable. Therefore, we have declined your appeal request for ineligibility."
(Exhibits P.34)

21.    The SBA ineligibility criteria that the filing of a 2019 Tax Return in 2021 ("Tax Return Filing Deadline Requirement") renders an application ineligible is inconsistent with the text and purpose of the Covid Relief Acts. This ineligibility criteria cannot be found, either by direct or implied reading, anywhere in the Covid Relief Acts enabling statutes.

22.    The SBA Tax Return Filing Deadline Requirement is not in any SBA publications, including the Federal Register and Guidelines released by SBA.

23.    The SBA's Tax Return Filing Deadline Requirement violates the Administrative Procedure Act ("APA") because they impose additional eligibility/ineligibility requirements contrary to the Covid Relief Acts.

24.    The SBA's Tax Return Filing Deadline Requirement also violates the APA because it is arbitrary and capricious. The requirement altered Plaintiff's eligibility for Covid Relief as the deadline draws near, depriving him of the opportunity to apply for loans and grants to which he is otherwise eligible.

25.    The SBA's Tax Return Filing Deadline Requirement has caused irreparable harm to the Plaintiff as a sole proprietor who urgently needs relief right now to keep his businesses afloat.

26.    This lawsuit asks the Court to declare unlawful and set aside Defendants' Tax Return Filing Deadline Requirement ineligibility criteria, order the SBA to set aside enough funds to cover any benefits the Plaintiff is entitled and to enjoin the Defendants from continuing to deny the Plaintiff's access to the critical federal aid that Congress promised.

## ii.  The Plaintiff's Applications Processing History

27.   On or about May 05, 2021, Plaintiff submitted his application for the Covid EIDL loan.

28.   On May 7, 2021, Plaintiff submitted his application for Paycheck Protection Program (PPP) through a private lender.

29.   On May 13, 2021, Plaintiff received a Decline Letter for the reason "Unverifiable Information"

30.   On May 13, 2021, Plaintiff requested for reconsideration attaching his identification papers, including Driver's License, Social Security Card, Alien Registration Card, and Tax Returns for 2018 & 2019.

31.   On May 19, 2021, Plaintiff's PPP application was approved and funded by the private lender.

32.   On May 20, 2021, Plaintiff received an email from SBA that "the status of your SBA Application No.*******7393 has been updated. Login to ... continue with the next step." (Where Plaintiff uploaded all additional required documents)

33.   On June 04, 2021, Plaintiff received another email from SBA to continue with the next step of the application. (Apparently, he was required to upload additional documents, which he did immediately)

34.   On June 04, 2021, Plaintiff received an email invitation from the SBA to submit applications for Targeted EIDL Advance and Supplemental Targeted Advance.

35.   On June 04, 2021, Plaintiff submitted his application for the Targeted EIDL Advance and Supplemental Targeted Advance

36.   On August 27, 2021, Plaintiff received a Decline Letter on the Targeted EIDL Advance and Supplemental Targeted Advance with a "Not Eligible" reason being that SBA is unable

to verify the existence of an eligible business as reflected in the application. (Exhibits P.28)

37.   On September 03, 2021, Plaintiff requested revaluation, and attached to the email for revaluation were some of his 2019 business invoices supported by bank statements showing client payments of these invoices.

38.   On September 29, 2021, Plaintiff received an email from SBA that "the status of your SBA Application No.******7393 has been updated. Login to … continue with the next step." (Where he was asked to upload his Tax Transcripts for 2017, 2018, and 2019.) Plaintiff was able to upload the 2017 and 2018 Transcripts, but the IRS portal was showing that his Tax return for 2019 was not in their records.

39.   Further to Plaintiff uploading the 2017 & 2018 transcripts and his Tax Return for 2019, Plaintiff spoke with Nzinga Dennard (SBA Loan Specialist) and she informed him that his application could not move forward until the SBA is able to obtain his 2019 tax transcript from the IRS. Plaintiff was under the impression that Dennard was going to wait until the 2019 Transcript is available before moving his application forward.

40.   On October 10, 2021, Plaintiff received an email from Dennard. The email stated that:

> "We have reviewed your reconsideration request for the Covid EIDL loan. At this time, we are unable to approve the loan due to no IRS tax record found or received. Per our discussion, the application cannot move forward without the business income verified by the IRS. Therefore, this reconsideration is declined. ...." (Exhibits P.31)

The decline letter attached to the email stated that:

> "Applicant will need to submit IRS stamped 2019 Federal Tax Return or 2019 IRS Record of Account prior to requesting further reconsideration. No record of tax return has been found. This was verbally discussed with the applicant prior to the decline." (Exhibits P.32)

41.   On October 12, 2021, Plaintiff requested reconsideration explaining that the IRS Tax center cannot stamp a return when the taxpayer has already submitted the return by mail. But that

the IRS customer service understanding of his predicament and gave him an IRS fax number to fax his 2019 Tax Return, with the hope that evidence of the fax confirmation will suffice. Since it is universally known that the IRS has a serious backlog in processing 2019 paper returns.

42.   On March 08, 2022, Plaintiff obtained the 2019 Record of Account from his IRS portal and immediately emailed it to SBA reconsideration team.

43.   On March 18, 2022, Plaintiff received an email from SBA to confirm that he was requesting an appeal of his previous decline reconsideration. To which Plaintiff replied Yes and attached a new form 4506-T, and Record of Account Transcripts for 2017, 2018, and 2019.

44.   On March 25, 2022, Plaintiff received an email from SBA to login into the portal and continue the next step of his application.

45.   On April 19, 2022, Plaintiff received a Final Appeal Letter from the SBA. Stating that:

> "A final review of the most recent IRS Tax Transcript request showed the 2019 Tax Return was filed in 2021. Recently filed tax returns for 2019 business income are not acceptable. Therefore, we have declined your appeal request for ineligibility." (Exhibits P.34)

46.   On April 19, 2022, Plaintiff saw a missed call from SBA, which he assumed was from the Loan Officer. Plaintiff made several attempts to reach the Loan Officer at her contact information, to no avail.

47.   On April 19, 2022, Plaintiff reached out to the SBA customer service center and was informed that a different decision has been made on his application and that he should be getting another email shortly. Plaintiff made several attempts to reach the Loan Officer to discuss further the status of his application.

48.   On April 25, 2022, after not having received a call back from the Loan Officer, Plaintiff decided to send an email hoping that Loan Officer will take another look at his application

and reverse her prior decision.

49.   Between April 25 and 30, 2022, Plaintiff sent emails to the SBA Administrator and Associate Administrator for assistance in using their discretionary authority to reverse the Final decision issued on April 19, 2022.

### iii.   The Small Business Administration Imposes Tax Return Filing Deadline Requirement For Eligibility.

50.   The Covid Relief Acts provides that the provision of these statutes shall be administered by the SBA under Section 7(a) of the Small Business Act, id. §636(a), and instructs the SBA to "issue regulations to carry out this title and the amendments made by this title without regard to the notice requirements under section 553(b) of title 5, United States Code" within 15 days. Pub. L. No. 116-136, §1114, 134 Stat. at 312 ("Emergency Rulemaking Authority").

51.   Since the enactment of these Acts, the SBA has issued a series of continuously shifting eligibility criteria for the programs far exceeding those exclusive conditions Congress enumerated in the Covid Relief Acts.

52.   On September 8, 2021, the SBA released a 19-page comprehensive EIDL FAQ which included all Ineligibility criteria. (Exhibits P.1-19) The only reference to the 2019 Tax Return under Ineligible entities states as follows: "Applicant business received revenue or rental income in 2019 and did not file a 2019 federal tax return" (Exhibits P.8)

## IV.   CAUSES OF ACTION

### COUNT I
### Administrative Procedure Act
### The Tax Return Filing Deadline Requirement Exceeds SBA's
### Statutory Authority and is Not in Accordance with the Law
### (5  U.S.C. § 706(2)(A), (C))

53.   Plaintiff repeat and incorporate by reference each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

54.    Under the APA, a court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C.§ 706(2)(A), (C).

55.    The Tax Return Filing Deadline Requirement decision constitutes final agency action subject to review under the APA.

56.    The SBA exceeded its statutory authority, and acted not in accordance with law, in violation of the APA, by promulgating and implementing the tax return filing deadline requirement. The tax return filing deadline requirement adds eligibility requirements for Covid Relief Applicants based on when their 2019 Tax Return was recorded as filed by the IRS. This eligibility criteria is contrary to the Covid Relief Acts. Congress mandated that "any" business that satisfies the criteria Congress specified "shall" be eligible.

57.    Defendants' violation of the APA causes ongoing and irreparable harm to Plaintiff.

58.    Plaintiff has no adequate remedy at law.

## COUNT II
### Administrative Procedure Act
**The Tax Filing Deadline is Arbitrary, Capricious, and
an Abuse of Discretion (5 U.S.C. §706(2)(A))**

59.    Plaintiff repeat and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.    The APA instructs courts to "hold unlawful and set aside agency action" that is "arbitrary, capricious, [and] an abuse of discretion." 5 U.S.C. §706(2)(A).

61.    The tax return filing deadline requirement constitutes final agency action subject to review under the Administrative Procedure Act.

62.    The tax return filing deadline requirement preventing Plaintiff from accessing Covid Relief

funds is arbitrary, capricious, and an abuse of discretion because it is contrary to the purpose of the Covid Relief Acts, which is to provide emergency support to small businesses facing the loss of income.

63.   Defendants failed to furnish any explanation for the Tax Return Filing Deadline Requirement.

64.   Defendants' violation of the APA causes ongoing and irreparable harm to Plaintiff.

65.   Plaintiff has no adequate remedy at law.

**COUNT III**
**<u>Administrative Procedure Act</u>**
**The Tax Filing Deadline Was Adopted without Observance of**
**Procedure Required by Law (5 U.S.C. § 706(2)(D))**

66.   Plaintiff repeat and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.   Under the APA, a court shall "hold unlawful and set aside agency action, findings, and conclusions found to be without observance of procedure required by law." 5 U.S.C. §706(2)(D).

68.   In issuing substantive rules, federal agencies are required to follow the notice and comment process set forth in the APA, 5 U.S.C. §553(b).

69.   Although the SBA is authorized to "dispense with the 30-day delayed effective date provided in the Administrative Procedure Act" and issue rules without "advance notice and public comment," 85 Fed. Reg. at 20,811 (emphasis added), the agency may not dispense with the notice and comment process entirely; interim final rules must be published in the Federal Register to give the public notice and a chance to comment even when the rule may go into effect contemporaneously.

70.   By changing who was eligible for Covid Relief, and without providing notice or the

opportunity to comment through publication in the federal register, Defendants issued substantive rules not in accordance with procedures required by law.

71.    Defendants' violation of the APA causes ongoing and irreparable harm to Plaintiff.

72.    Plaintiff has no adequate remedy at law.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court enter judgment in his favor and grant the following relief:

A.    Declare the Tax Return Filing Deadline Requirement unlawful pursuant to 5 U.S.C. §706(2);

B.    Preliminarily and permanently enjoin the SBA and the Treasury and its officers, employees, and agents from applying and enforcing the tax return filing deadline requirement in determining eligibility for Covid Relief;

C.    Order that the SBA Administrator and the Treasury Secretary not authorize, guaranty, or disburse funds appropriated under the (1) Covid EIDL Loan Program, (2) Targeted EIDL Advance, and (3) Supplement Targeted Advance programs without reserving sufficient funds to cover Plaintiff, who has been wrongfully excluded under the challenged tax return filing deadline requirement, in an amount to be determined based on SBA data and submitted by the SBA to this Court for approval;

D.    Enter such other declaratory and/or injunctive relief as Plaintiff may specifically request hereafter;

E.    Award Plaintiff reasonable costs, litigation expenses, and attorney's fees, if any, associated with this litigation; and

F.    Award any other relief the Court deems just and proper.

## VI.    CERTIFICATE AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:             May 09, 2022

Signature of Plaintiff:

Printed Name of Plaintiff:    Ade Oyegbola, *pro se*