UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADE OYEGBOLA,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL<br>BUSINESS ADMINISTRATION,<br>ISABELLA GUZMAN, UNITED STATES<br>DEPARTMENT OF THE TREASURY,<br>and JANET L. YELLEN,<br><br>           Defendants. | Civil Action No. 22-cv-10698-AK |

**MEMORANDUM AND ORDER**

**A. KELLEY, D.J.**

      Plaintiff Ade Oyegbola ("Oyegbola") has filed this action against the United States Small Business Administration (the "SBA"); Isabella Guzman ("Guzman"), the Administrator of the SBA; the United States Department of the Treasury (the "Treasury"); and Janet Yellen ("Yellen"), the Secretary of the Treasury, alleging various violations of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 706, in connection with the defendants' distribution of federal relief funds for businesses during the COVID-19 pandemic. Before the Court is Oyegbola's Emergency Motion for a Preliminary Injunction. [Dkt. 2]. For the reasons that follow, that motion is **DENIED**.

    **I.**    **Background**

      Oyegbola is a sole proprietor who provides consulting services related to technology and software development. [Dkt. 1 at ¶ 1]. Like millions of Americans, his business suffered during

1

the COVID-19 pandemic. [Id. at ¶¶ 8, 14]. Oyegbola applied for several federal relief programs available to small business owners, including the Economic Injury Disaster Loan ("EIDL") Program, Paycheck Protection Program, Targeted EIDL Advance Grant, and Supplemental Targeted Advance Grant. [Id. at ¶ 15]. The SBA, which is tasked with administering these funds, declined Oyegbola's EIDL application because he had failed to provide proof of his 2019 taxes. [Id. at ¶¶ 12, 18]. In response, Oyegbola submitted several business records to the SBA. [Id. at ¶ 19]. On April 19, 2022, the SBA again declined Oyegbola's application, explaining that the records submitted showed that "the 2019 Tax Return was filed in 2021," and "[r]ecently filed tax returns for 2019 business income are not acceptable." [Id. at ¶ 20].

Oyegbola claims that this "tax return filing deadline requirement"—that filing 2019 taxes in 2021 can render applicants ineligible for EIDL funds—is "inconsistent with the text and purpose of" the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, the American Rescue Plan Act, and the Consolidated Appropriations Act, which established the COVID-19 relief programs, and is not conveyed in any SBA publications. [Id. at ¶¶ 21-22]. Oyegbola filed this suit on May 9, 2022, asserting three claims under the APA. [Id. at ¶¶ 53-72]. He simultaneously filed his Emergency Motion for Preliminary Injunction, requesting the Court enjoin the defendants from enforcing the "tax return filing deadline requirement" and order the defendants not to "authorize, guaranty, or disburse funds appropriated for loans" under the COVID-19 federal relief programs "without reserving sufficient funds to cover" Oyegbola's applications and to extend the review of his application by ten days. [Dkt. 2 at 1]. Oyegbola claims he will be irreparably harmed because the "total amount of money available for loans and grants are limited by statute" and "is quickly being depleted by the applications of others." [Dkt.

3 at 4]. The defendants oppose Oyegbola's request for a preliminary injunction on two grounds.[1] First, they contend that anti-injunction language in the Small Business Act deprives the Court of jurisdiction to entertain Oyegbola's request for injunctive relief. [Dkt. 18 at 1-2]. Second, they argue that Oyegbola is unlikely to succeed on the merits. [Id. at 2].

## II. Legal Standard

A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). When considering a preliminary injunction, the Court must evaluate "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." González-Droz v. González-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (citation omitted). The district court's authority to issue a preliminary injunction should be "sparingly exercised," and preliminary injunctions that "do not preserve the status quo . . . should be granted only in those circumstances when the exigencies of the situation demand such relief." Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness, 649 F.2d 71, 76 n.7 (1st Cir. 1981).

## III. Discussion

The Court lacks the jurisdiction to grant the relief sought.[2] The Small Business Act provides that the SBA Administrator (Guzman) may be sued but "no attachment, injunction,

---

[1] The defendants withdrew their argument that the case is moot because Congressionally-appropriated funding for EIDL is exhausted. [Dkt. 27 at 1].

[2] The Court limits its jurisdictional analysis to the SBA and Guzman, as Oyegbola has levied no specific allegations against the Treasury and Yellen, and the SBA—not the Treasury—is the agency with authority to distribute EIDL funds. See 15 U.S.C. § 636(b)(1)(A) (providing that the SBA is "empowered to the extent and in such amounts as provided in advance in appropriation Acts" to "make such loans" as the SBA "may determine to be necessary or appropriate to any small business concern . . . in an area affected by a disaster"); Coronavirus Aid, Relief, and Economic Stabilization Act (CARES Act), Pub. L.

garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1).  This language was added to "bar the attachment of agency funds and other interference with agency functioning" and "was intended to keep creditors or others suing the government from hindering and obstructing agency operations through mechanisms such as attachment of funds."  Ulstein Mar., Ltd. v. United States, 833 F.2d 1052, 1056-57 (1st Cir. 1987).  As such, this "anti-injunction" provision limits the United States's waiver of sovereign immunity as to the SBA, and thereby restricts the Court's ability to provide certain relief requested by plaintiffs in litigation.  There are, however, exceptions to this "anti-injunction" rule, which "protects the [SBA] from interference with its internal workings by judicial orders attaching agency funds, etc., but does not provide blanket immunity from every type of injunction."  Id. at 1057.  This statutory provision "should not be interpreted as a bar to judicial review of agency actions that exceed agency authority where the remedies would not interfere with internal agency operations."  Id.  Read another way, injunctive relief against the SBA is permissible only when its actions exceed its statutory authority and the remedy does not interfere with internal agency operations.  See id.

Assuming for argument's sake that the SBA's actions have "exceed[ed] agency authority," Oyegbola's requested injunctive relief would interfere with the SBA's internal agency operations, and judicial review is therefore inappropriate.  Specifically, Oyegbola wants the Court to enjoin the SBA's use of tax filing dates to evaluate EIDL applications and to

---

116-136, § 1110, 134 Stat. 281 (Mar. 27, 2020) (tasking the SBA with administering the EIDL funds and the Paycheck Protection Program); 13 C.F.R. § 123.5(a) (explaining that the "SBA offers four kinds of disaster loans").  As such, Oyegbola has not demonstrated he is likely to succeed on the merits against the Treasury and Yellen.  See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (noting that the party seeking the preliminary injunction "bears the burden of establishing that these four factors weigh in its favor").  The defendants have argued for the dismissal of the Treasury and Yellen from suit, which the Court will address at a later date.  [See Dkt. 28; Dkt. 29 at 2, 10].

prohibit the SBA from authorizing or disbursing funds "without reserving funds" for Oyegbola. [Dkt. 1 at 12; Dkt. 2 at 1; Dkt. 3 at 3]. Such an injunction would attach SBA funds in direct contravention of 15 U.S.C. § 634(b)(1). It would also require the SBA to change the way it evaluates all EIDL applications, which clearly interferes with internal agency operations.

A review of similar cases related to EIDL funding and injunctive relief shows that many courts have found that 15 U.S.C. § 634(b)(1) bars granting such requests. For example, in Geisler v. Small Business Administration, the plaintiff sought a preliminary injunction directing the SBA to make available a loan officer to answer applicant questions; to review and reconsider the plaintiff's EIDL application; and to set aside funds to cover the plaintiff's loan.[3] No. 21-cv-01692, 2022 WL 1002766, at *2 (W.D. Pa. Apr. 4, 2022). The court there found that it did not have subject matter jurisdiction to grant the relief sought because the preliminary injunctive relief "would clearly require the Court to issue an order interfering with the internal workings of the SBA—by, for example, requiring the SBA to establish a 'dedicated loan officer with a contact number who can answer all inquiries including who has the power to approve or deny the loan increase' and 'directing that the SBA immediately review and reconsider the Plaintiff's EIDL increase application within three (3) days, reviewable by this Court'—and attach agency funds." Id. at *3; see also AARK Rest. Grp. LLC v. U.S. Small Bus. Admin., No. 22-cv-01433, 2022 WL 1265531, at *4 (E.D. Pa. Apr. 28, 2022) ("The injunctive relief Plaintiffs seek would certainly interfere with the SBA's internal workings, requiring me to: (1) direct the Agency to 'expeditiously process' Plaintiffs' EIDL loan increase applications; (2) prohibit the Agency from

---

[3] Like Oyegbola, the plaintiff in Geisler filed his 2019 taxes in 2021, and his request for an increase to his EIDL was denied. Geisler, 2022 WL 1002766, at *1. Although Geisler argued that no "reasonable explanation" was given for why the SBA required a tax transcript, the Court noted that "it is uncontested that the December 27, 2020, amendments to the CARES Act permit the SBA to 'use information from the Department of the Treasury to confirm'" that an "applicant is eligible to receive such a loan" or that the "information contained in an application for such a loan is accurate." Id. at *1 n.2.

considering specific evidence and circumstances; and (3) direct the Agency to set aside $6,036,600. Injunctive relief is thus barred under even Ulstein's narrow waiver exception."). In another case, Celebration Law P.A. v. Carranza, the plaintiffs challenged the SBA's rulemaking authority after it stated that small businesses could receive EIDL grants of $1,000 per employee, up to $10,000, or $1,000 if no employees. No. 20-cv-00665, 2020 WL 4815821, at *2 (M.D. Fl. Aug, 19, 2020). The plaintiffs moved for a preliminary injunction preventing the SBA from implementing the rule and compelling the SBA to issue the requested funds to the plaintiffs. [Id.]. The court refused to issue the preliminary injunction, explaining that, "[g]iven the SBA's use of the Per Employee Rule in awarding and obligating all EIDL grants to date and the near-depletion of the EIDL grant appropriation, requiring Respondent to stop using the Per Employee Rule and instead award each Petitioner $10,000 would likely interfere with the SBA's internal operations." Id. at *3; see Brennan v. United States, No. 20-cv-00505, 2020 WL 3980001, at *6 (E.D. Ark. July 14, 2020) (denying a request for an injunction where the plaintiff sought to "invalidate the manner in which the SBA is calculating total disbursement amounts under the EIDL Advance Program, to prevent the SBA from disbursing any additional funds under this program, and to award the first two million applicants $10,000.00 each"); see also Bro. Petroleum, LLC v. United States, 569 F. Supp. 3d 405, 408 (E.D. La. 2021) (explaining that the court denied the plaintiffs' request for a preliminary injunction regarding the SBA's consideration of criminal history when evaluating COVID-19 relief applications "based upon strong Fifth Circuit precedent that district courts lack subject matter jurisdiction to grant such relief against the SBA"). The Small Business Act and First Circuit precedent deprives this Court of jurisdiction to grant the relief Oyegbola seeks, and his request must be denied.[4]

---

[4] The Court does not opine on the merits or likelihood of success of Oyegbola's claims generally. In addition to injunctive relief, Oyegbola also seeks a declaration that the SBA's consideration of an

## IV. Conclusion

For the foregoing reasons, Oyegbola's Emergency Motion for a Preliminary Injunction [Dkt. 2] is **DENIED**.

**SO ORDERED.**

Dated: July 15, 2022                                  /s/ Angel Kelley
                                                                   Hon. Angel Kelley
                                                                   United States District Judge

---

applicant's tax filing date is unlawful. [Dkt. 1 at 12]. As the First Circuit has explained, "[i]njunctions and declaratory judgments are different remedies," and a "declaratory judgment is a milder remedy which is frequently available in situations where an injunction is unavailable or inappropriate." Ulstein Mar., Ltd. v. United States, 833 F.2d 1052, 1055 (1st Cir. 1987).